AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Mississippi

| Rhonda Sartin | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:14cv3HSO-RHW |
| Wal-Mart Stores, East, LP | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Eric Wolfson, MD
1340 Broad Ave, Suite 440, Gulfport, MS 39501

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A attached hereto, and incorporated herein by reference, which outlines the documents and things to be produced at the location set forth below on or before the date and time set forth below.

| Place: Silbert, Garon, Pitre & Friedman<br>3506 Washington Ave, Suite G<br>Gulfport, MS 39507 | Date and Time:<br>09/10/2014 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: August 25, 2014

CLERK OF COURT

OR /s/ DP

_____     _____
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Plaintiff**
Rhonda Sartin , who issues or requests this subpoena, are:
David Pitre, Esq, 3506 Washington Ave, Suite G, Gulfport, MS 39507; 228-822-2404, david@sgpflaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT P-1

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:14cv3HSO-RHW

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# EXHIBIT "A"
## TO SUBPOENA DUCES TECUM

*Definition:*

"You" or "your" means Eric Wolfson, M.D.

*NOTE:*

Nothing within this subpoena duces tecum seeks the identification of any patients and/or their private medical information (beyond what may be contained in the caption of any cause/case/claim). For purposes of this subpoena, we do not consider that a patient-doctor relationship is established with any person or claimant who is the subject of any IME (independent medical exam), DME (defense medical exam), medical record review or any other expert consultation performed at the specific request of a defendant, defense attorney, insurance company, and/or employer.

Should you or any attorney who assists in responding to this subpoena maintain any objection based upon any privilege or alleged HIPAA violation, we will *consider* executing an appropriately-worded Protective Order reasonable in scope, to the extent justified by law, for the purpose of protecting privacy rights related to established doctor-patient relationships.

*Documents to be Produced:*

1. All documents indicating income generated, and the number of separate cases involving services which you rendered to or at the request of Wal-Mart Stores East, L.P., Wal-Mart Stores, Inc., Wal-Mart, (including but not limited to any of its affiliates or subsidiaries if known by you), Pemble DeLashmet, Esq., Chad C. Marchand, Esq., Ashley Griffin, Esq., and/or the law firm of DeLashmet & Marchand, P.C. (identify the payor and payments from each).

2. Copies of all complaints or lawsuits filed in any court or disciplinary tribunal against you alleging medical negligence, malpractice, violation of the standard of care in the practice of medicine (this includes complaints to any medical licensure and/or disciplinary board).

3. Copies of all 1099's, profit and loss statements, internal memoranda or other financial documents which indicate, address or outline the income you have received within the last two (2) years (and identify the payor) from the following sources:

    (a) "Independent" or "employer" medical examinations and/or medical record reviews, performed by you at the instance or request of an employer, workers' compensation insurance carrier or attorney for either employer or carrier in a claim for work-related injuries in the last two (2) years (identify all attorneys by name, firm name and address and, if known by you, indicate whether the attorney represented the plaintiff/claimant);

   (b) "Independent" medical examinations and/or medical record reviews, performed by you at the instance or request of any defendant in a lawsuit, any insurance company, or any lawyer/law firm representing and/or hired by a defendant or an insurance company in the last two (2) years; and

   (c) Any other payments from insurance companies for any consultation work (excluding payments from auto med pay or any health insurance company for payment of medical bills) in the last two (2) years.

4. Any and all documentation and records of payment received for services rendered in the above-captioned case (including for any work invoiced/billed but not yet collected).

5. A copy of any "learned treatise" or any other medical authority upon which you relied in this case to render your opinion (as per Mississippi Rule of Evidence 803(18), any medical article, textbook, journal or other authoritative source referenced in any report which you have given in the above-captioned case, or upon which you have relied, or may reasonably expect to rely, in offering opinions in the above-captioned case, include a copy the title page, table of contents, and all relevant sections of said document).

6. Originals or authentic copies of all correspondence, papers, articles, treatises, books, reports, records, notes, field notes, memos, computer data, e-mails, internet records or transmissions, data, assumptions, investigations, test results, experiments, depositions, studies, analyses, charts, data compilations, demonstrations, photographs, video or other documents or items of any description whatsoever, and/or data or other information in whatever format stored pertaining in any way to the above action which have been delivered, provided or shown to you by Defendant Wal-Mart, its counsel, or anyone on their behalf. **This request is limited to any facts or data or documentation provided to you that you considered in forming any opinion in this matter, and specifically excludes attorney work product protected by Rule 26 of the Federal Rules of Civil Procedure.**

7. A copy of your prior testimony list for the last four years (identifying the date, the parties/caption, the court/forum, and the names of the counsel involved).

8. A copy of any depositions within your possession or control where you have testified as an expert.