UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RHONDA SARTIN                                                    PLAINTIFF

VERSUS                                         CIVIL ACTION NO. 1:14CV3-HSO-RHW

WAL-MART STORES EAST, L.P.                                        DEFENDANT

## ORDER REGARDING SUBPOENAS DUCES TECUM

Before the Court are various motions related to the subpoenas duces tecum served on

Defendant Wal-Mart Stores East, L.P.'s non-treating, retained expert witnesses Dr. Eric Graham

and Dr. Eric Wolfson.  Wal-Mart has filed motions to quash subpoenas duces tecum and for

protective order.  Docs. [65] & [66].  Dr. Graham through counsel has filed a separate motion to

quash based on lack of personal service.  Doc. [64].  Plaintiff subsequently filed a motion to

enforce the subpoenas duces tecum.  Doc. [67].

In his motion to quash, Dr. Graham argues that Plaintiff did not personally serve him with

the subpoena duces tecum as required by Fed. R. Civ. P. 45(b)(1).  Doc. [64].  Rather, the

subpoena was served on Tara Slawinski, the front office coordinator, at Dr. Graham's address.

*See* Doc. [67-3] at 4.  Based on a later-filed pleading, it appears that Dr. Graham has now been

personally served with the subpoena duces tecum.  *See* Doc. [74-1] at 2.  Accordingly, the Court

finds that Dr. Graham's motion to quash is now moot.

In its motion to quash and for protective order, Wal-Mart argues that the subpoenas duces

tecum issued to Dr. Graham and Dr. Wolfson should be quashed or in the alternative modified

because they are overly broad, burdensome, and seek irrelevant, privileged or confidential

information.  Docs. [65] & [66].  Plaintiff moves for an order compelling compliance with the

subpoenas.  Doc. [67].

The first, third and fourth categories of documents requested by Plaintiff all relate to the experts' past work as experts and the compensation they received.  Plaintiff emphasizes the Fifth Circuit's holding in *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980), as support for her efforts to delve into the financial records of Defendant's experts.  *Collins* merely stands for the proposition that a party should be allowed to cross-examine an adverse party's expert witness regarding compensation to show bias or interest on the part of the witness.  *Id.* at 783-84.   No one disputes whether Plaintiff should be allowed to cross-examine Defendant's experts regarding compensation.  At issue in this case is how much documentary evidence the experts must produce regarding compensation.

The Court agrees that Plaintiff is entitled to some information regarding the experts' compensation.  Specifically, the Court finds that Plaintiff is entitled to the following information from Dr. Wolfson and Dr. Graham:  (1) the total amount of fees paid for their expert services in this case;  (2) the total amount of fees for retained expert (non-treating physician) services paid by Wal-Mart Stores East, L.P., or the firm of DeLashmet & Marchand or its lawyers during the past two years;  and, (3) the approximate percentage of total income derived from providing retained expert services over the past two years, including what percentage of these retained expert services has been performed on behalf of employers or insurance carriers.  Accordingly, Defendant's motion for protective order and Plaintiff's motion to compel are granted in part.

In the second category of documents, Plaintiff requests copies of all complaints or lawsuits filed in any court or disciplinary tribunal against the experts alleging medical negligence, malpractice, or violation of the standard of care in the practice of medicine.  The

2

Court finds that the motion for protective order should be granted with respect to this request. The cases cited by Plaintiff are distinguishable. *Irish v. Gimbel*, 691 A.2d 664, 674 (Me. 1997); *McCarty v. Kellum*, 667 So.2d 1277, 1285-86 (Miss. 1995); *Willoughby v. Wilkins*, 310 S.E.2d 90, 97 (N.C. App. 1983);   In *Irish*, *McCarty*, and *Willoughby* the plaintiffs sought to cross-examine medical experts regarding prior medical malpractice claims, but this was done in the context of medical malpractice trials in an effort to show bias or interest on the part of the medical experts.  The connection between prior malpractice lawsuits and a personal injury case is less clear.  Moreover, in the instant case, Plaintiff seeks more than just an opportunity to cross-examine.  She seeks documentary proof of medical malpractice claims, as well as other disciplinary proceedings, because she argues that the evidence may be relevant to the experts' qualifications.  Plaintiff fails to sufficiently explain how this information would go to the issue of expert qualifications or bias or interest of the expert witnesses such that the experts should be compelled to produce copies of the complaints and/or disciplinary proceedings.  Accordingly, the motion to compel is denied and the motions for protective order are granted with respect to this request.

In the fifth category of documents, Plaintiff requests copies of any "learned treatise" or any other medical authority upon which the experts relied in this case to render their opinions. In her rebuttal, Plaintiff withdraws this request.  Doc. [79] at 10.  Accordingly, the Court finds this issue to be moot.

In the sixth category of documents, Plaintiff in essence requests copies of all documents reviewed by the experts.  Wal-Mart asserts that its experts have identified all documents that were reviewed as a basis for their opinions.  The motion for protective order is granted to the

3

extent that the experts should produce those documents identified in the report which Plaintiff does not already have in her possession.

In the seventh category, Plaintiff requests a list of prior testimony for the last four years. Wal-Mart indicates that it has provided Plaintiff with a list of the requested information dating back to 2007.  Plaintiff does not dispute this characterization.  The Court considers the issue to be moot with respect to this category.

In the eighth category, Plaintiff requests copies of any depositions where the experts testified as experts.  Wal-Mart indicates that the experts do not have any documents responsive to this request.  The Court finds that Plaintiff's motion to compel should be denied with respect to this request, and Defendant's motion for protective order granted.

IT IS THEREFORE ORDERED AND ADJUDGED that Dr. Graham's [64] Motion to Quash is found to be MOOT;  that Wal-Mart's [65, 66] Motions to Quash and for Protective Order are GRANTED in Part and DENIED in part subject to the provisions outlined in this Order;  and that Plaintiff's [67] Motion to Enforce Subpoena Duces Tecum is GRANTED in part and DENIED in part subject to the provisions outlined in this Order.

IT IS FURTHER ORDERED that the Dr. Wolfson and Dr. Graham shall produce the information outlined in this Order no later than October 1, 2014.

SO ORDERED, this the 25th day of September, 2014.


/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE