UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RHONDA SARTIN                                                                                          PLAINTIFF

VERSUS                                                    CIVIL ACTION NO. 1:14CV3-HSO-RHW

WAL-MART STORES EAST, L.P.                                                            DEFENDANT

### ORDER DENYING MOTION TO COMPEL

Before the Court is Defendant Wal-Mart Stores East, L.P.'s (Wal-Mart) motion to compel non-party Singing River Health Systems (SRHS) to identify one or more Rule 30(b)(6) witnesses and to provide dates on which those witnesses may be available for deposition prior to the December 19, 2014, discovery deadline.  Doc. [118].  The motion is filed pursuant to Fed. R. Civ. P. 37.  Given the fast-approaching discovery deadline, the Court granted Wal-Mart's request for expedited treatment of the matter.  *See* Text Only Order (11/24/2014).  Plaintiff Rhonda Sartin and non-party SRHS object to the motion to compel.  Docs. [123] & [124].

Wal-Mart seeks an order compelling SRHS to produce witnesses for a Rule 30(b)(6) deposition.  Wal-Mart initially served a subpoena duces tecum on Dr. William Evans.  Category 7 of that subpoena requested him to produce "[a]ny and all documents or records reflecting your cost to purchase Botox from the manufacturer or other source from April 23, 2011, to the present."  Doc. [118-1] at 4.  Dr. Evans is an employee of SRHS.  Doc. [124] at 1 n.1.  He is also Plaintiff's treating physician.  Doc. [123] at 1.  Although not served with a subpoena and not a party to this action, SRHS interposed objections to the production of documents sought pursuant to the subpoena duces tecum served on Dr. Evans.  Specifically, on October 2, 2014, SRHS filed

an objection to the subpoena based on HIPAA, confidentiality, and proprietary grounds; however, SRHS indicated that any requested documentation not subject to these objections would be produced. Doc. [87]. SRHS' objections were general in nature and did not single out category 7 of the subpoena for special treatment. *Id.*

Wal-Mart deposed Dr. Evans on October 23, 2014. Dr. Evans did not produce any documents relating to category 7. He testified that he was not aware of the cost of Botox and that he did not know whether SRHS would charge different prices for Botox based on who was paying for the treatment. Doc. [118-2] at 2-4. In his expert report, Dr. Evans opined that Plaintiff will require Botox injections to treat her injuries. Doc. [67-5] at 2. Hence, Wal-Mart argues that it seeks the information relating to Botox for purposes of determining Plaintiff's claims for past and future medical expenses. Although SRHS objected to the subpoena served on Dr. Evans, Wal-Mart does not file its motion to compel based on that, or any other, subpoena. Rather, Wal-Mart indicates only that it has drafted notices of depositions for SRHS' representatives/employees and attempted to resolve the issue without the Court's intervention. *See* doc. [118-3].

SRHS argues that as a non-party it is not subject to an order from the Court compelling discovery compliance. Plaintiff also objects to the motion and argues that the discovery request is untimely and that the information is neither admissible nor discoverable. The Court makes no finding at this time as to the timeliness of Wal-Mart's request. As to whether the information is admissible or discoverable, the information goes to the issue of necessary medical expenses; therefore, it is discoverable. Whether it is admissible is a subject for another motion and another day. Plaintiff indicates that she will be filing a motion in limine and raising a *Daubert* argument

that relates to the information sought by Wal-Mart.  The fact that the information ultimately may prove inadmissible does not render it non-discoverable.

Nevertheless, the Court finds that Wal-Mart's motion to compel filed pursuant to Rule 37 should be denied because it is procedurally improper.  Generally, the appropriate procedure to compel discovery from non-parties is to serve a subpoena as set forth in Rule 45.  *See Johnson v. Kraft Foods North America, Inc.*, 236 F.R.D. 535, 540 (D.Kan. 2006); *Highland Tank & Mfg. Co. v. PS Int'l, Inc.*, 227 F.R.D. 374, 379 (W.D.Pa. 2005)("Rule 45 is the only discovery method whereby information may be obtained from a nonparty to the suit"); *Blazek v. Capital Recovery Assocs., Inc.*, 222 F.R.D. 360, 361 (E.D.Wis. 2004).  Rule 37 "is of limited application when applied to non-parties.  It can only be used to order a non-party to answer written or oral questions under Rules 30 and 31."  *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1341 (8th Cir. 1975);  *see also Penwalt Corp. v. Durand-Wayland*, 708 F.2d 492, 494 & n.4 (9th Cir. 1983); *Cruz v. Meachum*, 159 F.R.D. 366, 368 (D.Conn. 1994)(holding that Rule 37 does not apply to non-party witness who failed to appear at his own deposition).  Moreover, Rule 30(b)(6) requires that "[a] subpoena must advise a nonparty organization of its duty" to designate persons to testify on its behalf.  *See Wultz v. Bank of China Ltd.*, 293 F.R.D. 677, 679 (S.D.N.Y. 2013); *Price Waterhouse LLC v. First Am. Corp.* 182 F.R.D. 56, 61 (S.D.N.Y. 1998).  Thus in order to compel SRHS or any other non-party to submit to a deposition, Wal-Mart must first serve SRHS with a subpoena.  Wal-Mart has not noticed a Rule 30(b)(6) deposition nor served SRHS with a subpoena for a Rule 30(b)(6) deposition.  Thus, the Court finds Wal-Mart's motion to compel to be procedurally improper.

IT IS THEREFORE ORDERED AND ADJUDGED that Wal-Mart's [118] Motion for

Expedited Consideration is GRANTED and it's Motion to Compel is DENIED.

SO ORDERED, this the 9th day of December, 2014.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE